IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEBORAH RILEY                           :
        Plaintiff,              :
   v.                                    :      Civil No. L-05-2426
                                        :
HONEYWELL, INC.                         :
        Defendant.              :

## MEMORANDUM

Deborah Riley, who worked in the Finance Department at Honeywell from 2001 to 2004, filed this employment discrimination action on September 2, 2005. Ms. Riley alleges racial discrimination, retaliation, and constructive discharge in violation of 42 U.S.C. § 1981 (§ 1981), 42 U.S.C. § 2000e (Title VII), and Howard County Code § 12.200 (Howard County Human Rights Act). Prior to filing an answer, Honeywell filed a motion to dismiss only Riley's constructive discharge claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Ordinarily, a complaint should not be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of its claim which entitle it to relief. See Conley, 355 U.S. 41, 45-46 (1957); Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995). In essence, the legal theory articulated, or even suggested, by the non-moving party must be one that could not be the basis for a ruling in that party's favor. In evaluating such a claim, the Court must accept as true all well-pleaded allegations of fact and view them in the light most favorable to the plaintiff. See Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969). This standard is intertwined with the liberal pleading requirements of Federal Rule of Civil Procedure 8(a), which demands only a "short and plain" statement that gives "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. at 47.

Employment discrimination actions do not require a heightened pleading standard, nor is a plaintiff required to plead a *prima facie* case. Swierkiewicz v. Sorema, 534 U.S. 506, 510 (2002). "Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits." Id. at 515. "Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." Id. (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

It is true that the Court holds constructive discharge claims to a high level of scrutiny. See Honor v. Booz Allen & Hamilton 383 F.3d 180, 187 (4th Cir. 2004). An examination of the evidence in support of Ms. Riley's claim, however, is inappropriate until the defendant chooses to file for summary judgment. It is the policy of this Court not to entertain motions for summary judgment until the record has been fleshed out during discovery.

Ms. Riley has satisfied the pleading requirements of Rule 8(a) and stated a claim for constructive discharge. Accordingly, the partial motion to dismiss is DENIED. A scheduling order will be issued under separate cover so that the parties may proceed to discovery.

Dated this 2nd day of May, 2006.

                                                    /s/
                                           Benson Everett Legg
                                           Chief Judge